UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 25-cr-10465-MJJ |
| TYLER BULOCK, | ) | |
| | ) | |
| Defendant | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Tyler Bullock, age 31, stands guilty for the second time of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5). For the second time, he has been found to knowingly possess images and videos of children being raped. This time, he also knowingly possessed a firearm despite his felony status and was arrested in a home in which he lived alone, where investigators also found a slew of Nazi memorabilia. Next to the gun he illegally possessed: a knife emblazoned with a swastika and the infamous double-S of the *Schutzstaffel*—the historical paradigm of catastrophic antisemitism and genocide.

These facts and the broader context of this case are detailed in Paragraphs 9-15 of the PSR, which the government incorporates herein. In the C-plea, the parties have agreed with the PSR as to the appropriate USSG calculation and the proposed sentence of 120 months' incarceration, five years' supervised release, and various special assessments. Accordingly, the government need not belabor the facts or law. It offers only the following observations as to why the sentence is consistent with the Section 3553 factors and is sufficient, but not greater than necessary, to satisfy the goals of federal sentencing.

***The Seriousness of the Offense, Respect for the Law, and Just Punishment.*** The terms

"child pornography," or Child Sexual Abuse Material (CSAM), cannot capture the reality of what these images and video depict. Children are among the most vulnerable members of our society. The material that the Defendant possessed—that he knowingly sought out and viewed—depicts children at the worst moment of their lives, in the moment as irreparable harm is done to their bodies and minds, *while recorded*, so that the experience can be replayed again, again, and again for the sexual gratification of strangers forevermore.

In this case, the Defendant possessed approximately 266 such files, including one depicting a toddler, and another depicting a blindfolded child. Among them, the government was able to identify four "series victims"—that is, four files that have spread so far and wide that they are known to law enforcement and where the victims have been identified. Although these victims have not provided impact statements and are not seeking restitution, the reality that they exist underscores the point: every single time one of these images is opened, played, viewed, shared, downloaded, or disseminated, such reopens a grievous wound. That should be obvious to anyone. It should be particularly obvious to someone *previously convicted.* A sentence of ten years will remove any doubt that continuing to supply demand for child pornography is a grave wrong meriting a substantial sentence. It is, in short, just.

***Adequate Deterrence.*** Similarly, a ten-year sentence sends a message to both the Defendant and others tempted to similar conduct. The Defendant received a probationary sentence the first time he pleaded guilty to this offense. That did not deter him. Ten years hopefully will—and hopefully is a number sufficient to give long pause to anyone who feels either they can get away with it, or that if they are caught, no harm will come.

***Protection of the Public.*** It cannot be overstated: demand for child pornography fuels

the sexual abuse of children. Every time it is viewed, the harm compounds. For the next ten years, those children are protected from at least this Defendant. That should provide at least some measure of solace to those burdened their whole lives knowing their abuse is being seen somewhere, by someone, at any given time.

***Finally, provision of correctional treatment***. The Defendant was a 31-year-old sex offender found by law enforcement alone with a gun, child pornography, and memorabilia reflecting extremist ideology and Nazi sympathies. He was evidently in a dangerous spiral. Ten years' incarceration and five years' supervised release is not just about punishing him. It is also about arresting that spiral and providing at least the opportunity, in his young forties and still a young man, to set out on a much different path.

In conclusion, the government recommends the Court adopt the C-plea and impose the sentencing agreed to therein: 120 months incarceration, 60 months incarceration, the AVAA and JVTA special assessments, and the mandatory special assessments. There is no restitution in this matter.

November 19, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Eric L. Hawkins*
Eric L. Hawkins
Assistant U.S. Attorney

**Certificate of Service**

I certify that this document has been served on all counsel via ECF electronic filing on November 19, 2026.

*/s/ Eric L. Hawkins*
Eric L. Hawkins